UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSUE SEIJO,

               Plaintiff,

v.

REBECCA BRADLOW, et al.,

               Defendants.

Case No. 2:22-cv-903-TSZ-TLF

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed amended complaint. Dkt. 1, 12. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court should deny plaintiff's motion for leave to proceed *in forma pauperis*.

## FACTUAL BACKGROUND

Plaintiff filed a motion for leave to proceed *in forma pauperis* and proposed complaint. Dkt. 1-1. Plaintiff's initial complaint alleged that plaintiff was a pre-trial detainee facing criminal prosecution in state court. Dkt. 1-1. The proposed complaint alleged that plaintiff's public defenders violated plaintiff's rights by stating that plaintiff was incompetent, attempting to impose an unwanted mental health evaluation on

REPORT AND RECOMMENDATION - 1

1  plaintiff, agreeing to continuances over plaintiff's objections and disregarding plaintiff's
2  confidentiality. Dkt. 1-1.
3  　　　The Court issued an order explaining that plaintiff's complaint failed to state a
4  cause of action under 42 U.S.C. § 1983 against the named defendants because the
5  named defendants were not people acting under color of state law for purposes of
6  Section 1983. Dkt. 7. The Court also informed plaintiff that plaintiff's complaint appeared
7  to be barred under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971).
8  Dkt. 7. The Court directed plaintiff to show cause why the complaint should not be
9  dismissed or file a proposed amended complaint to cure, if possible, the deficiencies
10  identified in the Court's order. Dkt. 7.
11  　　　Plaintiff has filed a proposed amended complaint attempting to correct the
12  deficiencies identified in the Court's order. Dkt. 12.
13  　　　The proposed amended complaint raises claims against three defendants:
14  Rebecca Bradlow, Reid Burkland, and Pedro Melesio. Dkt. 12 at 3. Plaintiff contends
15  that these three defendants acted as plaintiff's public defenders in plaintiff's criminal
16  trial. Dkt. 12 at 3.
17  　　　The proposed amended complaint raises the same claims as the original
18  complaint – that the defendants violated plaintiff's rights during plaintiff's criminal trial
19  by: 1) raising a competency issue, 2) stating that plaintiff was not capable of assisting in
20  the defense, 3) attempting to impose an unwanted mental health evaluation of plaintiff,
21  4) discussing plaintiff's case with another person without plaintiff's consent, and 5) filing
22  unwanted continuances over plaintiff's objections. Dkt. 12 at 3-10. Plaintiff's proposed
23  amended complaint also adds a claim that defendant Melesio denied plaintiff's right to
24
25

REPORT AND RECOMMENDATION - 2

1 | trial by delaying transport, and also violated plaintiff's right to direct cross-examination
2 | by sealing records without plaintiff's knowledge. Dkt. 12 at 10.

### DISCUSSION

The district court may deny leave to proceed *in forma pauperis* at the outset if the complaint on its face is frivolous or without merit. *See O'Loughlin v. Doe,* 920 F.2d 614, 616-617 (9th Cir. 1990); *Kittleson v. Washington*, 683 Fed. Appx. 639, 2017 WL 1046218 (9th Cir. 2017) (unpublished). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

A magistrate judge may issue an order *granting* IFP, but has no authority to issue a dispositive order *denying* in forma pauperis status, unless the parties have consented to having the magistrate judge decide their civil case. 28 U.S.C. § 636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988); *Woods v. Dahlberg,* 894 F.2d 187, 188 (6th Cir. 1990) (observing that denial of IFP status is the equivalent of an involuntary dismissal). The magistrate judge is authorized to issue an order granting IFP status; however if the proposed decision would be a denial of IFP status, then the magistrate judge would only be authorized to submit a report and recommendation. *Id.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam) *as amended* (September 9, 1988). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d at 548-549.

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

REPORT AND RECOMMENDATION - 3

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is

REPORT AND RECOMMENDATION - 4

1  the appropriate avenue to remedy an alleged wrong only if both of these elements are

2  present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and

3  conclusory allegations of officials participating in a civil rights violation are not sufficient

4  to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269

5  (9th Cir. 1982).

6       A.  Person Acting Under Color of State Law

7       Plaintiff's proposed amended complaint fails to allege a factual basis upon which

8  plaintiff can state a viable Section 1983 complaint because the named defendants in the

9  complaint are not persons acting under color of state law for purposes of Section 1983.

10       To state a claim under Section 42 U.S.C. § 1983, the defendant must be a

11  person *acting under color of state law,* and the defendant's conduct must have deprived

12  the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the

13  United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). A plaintiff

14  may only bring a Section 1983 action against a private individual if the private individual

15  conspired or entered into a joint action with a state actor. *Radciffe v. Rainbow Constr.*

16  *Co.*, 254 F.3d 772, 783 (9th Cir.), *cert denied*, 534 U.S. 1020 (2001). Public defenders

17  do not act under color of state law when performing the functions of representing a

18  defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

19       For the conduct of a private party to be under color of state law the conduct must

20  be fairly attributed to the State. *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir.

21  1989). Conduct is fairly attributable to the state when 1) the deprivation is caused by the

22  exercise of some right or privilege created by the state by a person for whom the state

23

24

25

is responsible, or 2) when the party charged with the deprivation may fairly be said to be a state actor. *Collins*, 878 F.2d at 1151.

Plaintiff's proposed amended complaint adds a new defendant, yet all three named defendants are plaintiff's public defenders. Further, the alleged violations stem from the defendants' decisions made while representing and defending plaintiff in a criminal trial. As the court's previous order explained, these allegations are insufficient to allege a Section 1983 complaint because a public defender does not act under color of state law while performing the function of representing a defendant in a criminal proceeding. Dkt. 7 at 5. Plaintiff's proposed amended complaint does not add additional factual allegations explaining how any defendant acted under color of state law.

Based on the foregoing, plaintiff's proposed amended complaint fails to cure the deficiencies identified in the Court's previous order.

B. Younger Doctrine

Plaintiff's proposed amended complaint also appears to be subject to dismissal under the doctrine set forth in *Younger v. Harris.*

Federal courts must abstain from interfering in pending state criminal prosecution absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

The proposed amended complaint claims alleged violations stemming from plaintiff's pending criminal trial and the decisions made by plaintiff's public defenders. Plaintiff's criminal proceedings implicate an important state interest – enforcing and prosecuting state laws – and plaintiff is represented by counsel in the state proceeding. The proposed amended complaint does not raise any new facts explaining how plaintiff is unable to raise his concerns to the judge presiding over plaintiff's criminal trial. Further, the relief sought in the proposed amended complaint would require the court to interfere in plaintiff's pending state criminal trial.

Based on the foregoing, it appears that plaintiff's claims are barred under the *Younger* doctrine.

## CONCLUSION

Because plaintiff has been granted the opportunity to state a viable claim under 42 U.S.C. § 1983 by filing an amended complaint – but the amended complaint remains fatally deficient the Court should deny the motion for IFP. A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988).

The Court should direct plaintiff to pay the Court filing fee within 21 days of adoption of this order if he wishes to proceed with this action. If plaintiff fails to pay the Court filing fee, the Clerk of the Court should be directed to close the case. Plaintiff should be aware that if he pays the filing fee, and if the case is later dismissed by the Court (with or without prejudice) for failure to state a claim, or because it is frivolous or

malicious, then the dismissal would be counted as a strike under the PLRA. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020).

Dated this 5th day of October, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge