UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSUE SEIJO,<br><br>                Plaintiff,<br>    v.<br><br>REBECCA BRADLOW, et al.,<br><br>                Defendants. | Case No. 2:22-cv-903-TSZ-TLF<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Noted for <u>July 7, 2023</u> |

      Plaintiff proceeds *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. Plaintiff's claims relate to actions taken by public defenders during the time they represented him in his underlying criminal case. Dkt. 16. Specifically, plaintiff claims that defendants violated his rights in his trial by pursuing a competency evaluation, seeking advice on his representation, filing continuances, delaying transport, and sealing records. *Id*.

      Plaintiff now moves for a preliminary injunction challenging his competency evaluation and subsequent hospitalization at Western State Hospital. Dkt. 20. Defendants oppose the motion. Dkt. 28.

      Plaintiff's motion for preliminary injunction should be denied because plaintiff is attempting to restrain individuals who are not able to provide the relief he is seeking.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION - 1

## DISCUSSION

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33 (1850)); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

To obtain a preliminary injunction[1], a party must demonstrate that: (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The moving party must make a showing on all four factors to obtain a preliminary injunction. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (citing to *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Alternatively, in the Ninth Circuit, "a plaintiff may also obtain a preliminary injunction by showing 'serious questions go[] to the merits' of its claims and a balance of the hardships that tip "sharply" towards the plaintiff, so long as it makes a showing on the other two factors." *A Woman's Friend*, 901 F.3d at 1167 (quoting *Alliance*, 632 F.3d at 1135).

However, a plaintiff may not obtain an injunction merely because an irreparable injury is possible, the plaintiff must show that the irreparable injury is likely absent

---

[1] The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION - 2

preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Furthermore, under the Prison Litigation Reform Act ("PLRA"), an injunction may not be granted unless it is "narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id*.

Here plaintiff has not shown likelihood of success on the merits. The King County Superior Court, and not plaintiff's public defenders, ordered plaintiff to undergo a competency evaluation. *See* Dkt. 20 at 2; Dkt. 20-1 at 2. It also appears that plaintiff may now be challenging the constitutionality of his confinement, however, this issue can only be addressed through a petition of writ of habeas corpus and there is no relief available under section 1983. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted).

Accordingly, the Court should deny plaintiff's motion for a preliminary injunction and temporary restraining order.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY plaintiff's motion for a temporary injunction.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION - 3

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 7, 2023** as noted in the caption.

Dated this 22nd day of June, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge