UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSUE SEIJO,<br><br>       Plaintiff,<br><br> v.<br><br>REBECCA BRADLOW, et al.,<br><br>       Defendants. | Case No. 2:22-cv-903-TSZ-TLF<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS<br><br>Noted for: <u>July 7, 2023</u> |

Plaintiff proceeds *pro se* in this 42 U.S.C. § 1983 civil rights action. Currently pending before the Court is defendants' motion to dismiss. Dkt. 28. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. As discussed below, the Court recommends that the motion to dismiss be granted.

FACTUAL BACKGROUND

Plaintiff, a pretrial detainee, filed a motion for leave to proceed *in forma pauperis* and proposed complaint, naming his public defenders Rebecca Bradlow and Reid Burkland as defendants and alleging violations to his Constitutional rights based on case strategy decisions made in his underlying criminal case. Dkt. 1-1. The Court issued an Order to Show Cause explaining that plaintiff's complaint failed to state a cause of action under 42 U.S.C. § 1983 because the named defendants were not people acting under color of state law for purposes of Section 1983 and the complaint

REPORT AND RECOMMENDATION ON MOTION TO DISMISS - 1

appeared to be barred under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971). Dkt. 7.

Plaintiff filed a proposed amended complaint and again named Rebecca Bradlow and Reid Burkland in addition to a third public defender, Pedro Melesio, as defendants. Dkt. 12 at 3. The proposed amended complaint raised the same claims as the original complaint – that the defendants violated plaintiff's rights during plaintiff's criminal trial by:

1. raising a competency issue,
2. stating that plaintiff was not capable of assisting in the defense,
3. attempting to impose an unwanted mental health evaluation of plaintiff,
4. discussing plaintiff's case with another person without plaintiff's consent, and
5. filing unwanted continuances over plaintiff's objections.

Dkt. 12 at 3-10. Plaintiff's proposed amended complaint also added a claim that defendant Melesio denied plaintiff's right to trial by delaying transport, and also violated plaintiff's right to direct cross-examination by sealing records without plaintiff's knowledge. Dkt. 12 at 10.

The Court issued a Report and Recommendation recommending that plaintiff's *in forma pauperis* application be denied because plaintiff failed to cure the deficiencies identified in the Order. Dkt. 14. District Judge Zilly issued an Order adopting the Report and Recommendation. Dkt. 15. Plaintiff then paid the filing fee. *See* Dkt. Entry 10/14/2022. The Court subsequently directed service of the amended complaint. Dkt. 21.

DISCUSSION

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668,

NOTED FOR: JULY 7, 2023 - 2

688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A. <u>Improper Defendants</u>

Defendants argue that plaintiff's complaint should be dismissed because as public defenders, they are not state actors for the purposes of section 1983 and thus plaintiff has failed to state a valid claim under section 1983. Dkt. 28 at 5-6.

To state a claim under Section 42 U.S.C. § 1983, the defendant must be a person *acting under color of state law,* and the defendant's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). A plaintiff may only bring a Section 1983 action against a private individual if the private individual conspired or entered into a joint action with a state actor. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir.), *cert denied*, 534 U.S. 1020 (2001). Public defense lawyers do not act under color of state law when performing the functions of representing a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002).

For the conduct of a private party to be under color of state law the conduct must be fairly attributed to the State. *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir.

1989). Conduct is fairly attributable to the state when 1) the deprivation is caused by the exercise of some right or privilege created by the state by a person for whom the state is responsible, or 2) when the party charged with the deprivation may fairly be said to be a state actor. *Collins*, 878 F.2d at 1151.

Plaintiff names three defendants in his complaint, all of whom are public defenders who represented plaintiff in his underlying criminal case. Dkt. 16 at 3. Plaintiff's claims involve actions taken by his counsel during the course of his underlying criminal trial including pursuing a competency evaluation, filing for continuances, seeking advice on plaintiff's case, delaying transport, and sealing records. Dkt. 16 at 3-10. All of these actions are related to the lawyer's traditional responsibilities and role representing a client in a criminal case. Public defenders, acting in a traditional lawyer role, are not acting under the color of state law and therefore their actions are not attributable to the state. See *Polk* 454 at 324-325.

It is not enough for plaintiff to state that his rights were violated, section 1983 requires for a plaintiff to show that the alleged violation is attributable to the state. See *Collins*, 878 F.2d at 1151. Plaintiff has failed to do so, and it does not appear that additional amendment could cure the deficiencies.

B. Younger Abstention

Defendants additionally argue plaintiff's complaint should be dismissed because plaintiff's underlying criminal matter is ongoing. Dkt. 28 at 6-7.

Federal courts must abstain from interfering in pending state criminal prosecution absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine applies when "(1) there is an ongoing state judicial

proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

Plaintiff's criminal proceedings implicate an important state interest – enforcing and prosecuting state laws – and plaintiff is represented by counsel in the state proceeding. The amended complaint does not raise any new facts explaining how plaintiff is unable to raise his concerns to the judge presiding over plaintiff's criminal trial. Further, the relief sought in the proposed amended complaint would require the court to interfere in plaintiff's pending state criminal trial.

Based on the foregoing, it appears that plaintiff's claims are barred under the *Younger* doctrine.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find that plaintiff has failed to state a claim under section 1983 and GRANT defendants' motion to dismiss the case without prejudice. A proposed order and judgment are attached. Plaintiff fails to name a person acting under the color of state law as a defendant. And, plaintiff's claims are barred under the *Younger* abstention doctrine.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 7, 2023, as noted in the caption.

Dated this 22nd day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge